UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| RODNEY RAY SLUSSER, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | CAUSE NO. 3:16-CV-607 WL |
| SUPERINTENDENT, | ) | |
| Respondent. | ) | |

OPINION AND ORDER

Rodney Ray Slusser, a *pro se* prisoner, filed a habeas petition attempting to challenge a pending State criminal proceeding in the Starke Circuit Court under cause number 75C01-1606-F5-30. He has not yet been convicted. He is asking this court to order the State court to conduct an evidentiary hearing on his case – presumably so that he will be released and the charges will be dismissed. "Ordinarily the attempt of a state prisoner to obtain federal habeas corpus relief in advance of his state criminal trial [is] completely hopeless." *United States ex rel. Stevens v. Circuit Court of Milwaukee County*, 675 F.2d 946, 947 (7th Cir. 1982). This is one of those ordinary cases. Though the circuit in *Stevens* provided for a narrow exception to entertain some double jeopardy claims, this case does not present a double jeopardy claim. Here, Slusser argues that he was arrested in violation of the Fourth Amendment and his right to a speedy trial has been violated. These are questions to be resolved in the first instance by the State trial court or the State Appellate Courts – not this court. Thus, to the extent that Slusser believes that he has a viable defense to the charges against him or that his case is not being properly adjudicated, he needs to first present those claims to the State courts – at trial, on appeal, and ultimately to the Indiana Supreme Court. *See Lewis v. Sternes*, 390 F.3d 1019, 1025-1026 (7th Cir. 2004). Therefore this petition will be

dismissed without prejudice. Then, after he has presented his claims to the Indiana Supreme Court, he may return to this court and file another habeas corpus petition challenging the conviction.

Finally, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to the petitioner. To obtain a certificate of appealability, the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quote marks and citation omitted). As explained, Slusser has not yet been convicted and federal habeas corpus is not the proper means of challenging the charges against him. Nothing before the court suggests that jurists of reason could debate the correctness of this procedural ruling or find a reason to encourage this case to proceed further. Accordingly, the court declines to issue a certificate of appealability.

For the foregoing reasons, the petition (DE 1) is **DENIED WITHOUT PREJUDICE** and the petitioner is **DENIED** a certificate of appealability.

SO ORDERED.

ENTERED: September 19, 2016

    s/William C. Lee
William C. Lee, Judge
United States District Court